UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PAINTERS DISTRICT COUNCIL #58 FRINGE BENEFIT FUNDS, By and Through Its Board of Trustees, </br></br>and</br></br>PAINTERS DISTRICT COUNCIL #58 401(k) TRUST FUND, By and Through Its Board of Trustees,</br></br>and</br></br>ILLINOIS STATE PAINTERS HEALTH AND WELFARE FUND, By and Through Its Board of Trustees,</br></br>    Plaintiffs,</br></br>    v.</br></br>SOLUTIONS CONSTRUCTION, LLC,</br></br>    Defendant. | Case No.: |

## COMPLAINT

NOW COME Plaintiffs, Painters District Council #58 Fringe Benefit Funds, Painters District Council #58 401(k) Fund, and Illinois State Painters Health & Welfare Fund, by and through their attorneys, Cavanagh & O'Hara LLP, and for their Complaint against Defendant Solutions Construction, LLC, and allege as follows:

### Parties

1.  Plaintiff Painters District Council #58 Fringe Benefit Funds (hereinafter "DC#58 Fringe Benefit Funds") are one or more employee benefit plans within the meaning of Sections 3(1) and (3), 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"),

as amended, 29 U.S.C. § 1002(1), (3), 1132 and 1145.  The DC#58 Fringe Benefit Funds' Boards of Trustees are fiduciaries within the meaning of Section 3(21)(A) and 502 of ERISA, 29 U.S.C. §§ 1002(21)(A) and 1132 and are authorized to maintain this cause of action pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), to enforce the terms of an ERISA plan.

2.  The address and place of administration of the DC#58 Fringe Benefit Funds is 2501 59th Street, St Louis, MO 63110-2888, within the jurisdiction of this Court.

3.  Plaintiff Painters District Council #58 401(k) Trust Fund (hereinafter "DC#58 401(k) Fund") is an employee benefit plan within the meaning of Sections 3(1) and (3), 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1002(1), (3), 1132 and 1145.  The DC#58 401(k) Fund's Board of Trustees are fiduciaries within the meaning of Section 3(21)(A) and 502 of ERISA, 29 U.S.C. §§ 1002(21)(A) and 1132 and are authorized to maintain this cause of action pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), to enforce the terms of an ERISA plan.

4.  The address and place of administration of the DC#58 401(k) Fund is 2501 59th Street, St Louis, MO 63110-2888, within the jurisdiction of this Court.

5.  Plaintiff Illinois State Painters Health & Welfare Fund (hereinafter "Welfare Fund") is an employee benefit plan within the meaning of Sections 3(1) and (3), 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1002(1), (3), 1132 and 1145.  The Welfare Fund's Board of Trustees are fiduciaries within the meaning of Section 3(21)(A) and 502 of ERISA, 29 U.S.C. §§ 1002(21)(A) and 1132 and are authorized to maintain this cause of action pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), to enforce the terms of an ERISA plan.

6.      The address and place of administration of the Welfare Fund is 13801 Riverport Drive, Suite 401, Maryland Heights, Missouri 63043, within the jurisdiction of this Court.

7.      Together, the DC#58 Fringe Benefit Funds; DC#58 401(k) Fund; and Welfare Fund shall be referred to as the "Plaintiff Funds."

8.      Defendant Solutions Construction, LLC ("Solutions Construction") is a Missouri Limited Liability Company maintaining its principal place of business at 11760 Turrach Drive, Innsbrook, Warren County, Missouri. Solutions Construction may be found within the territorial jurisdiction of this Court.

9.      Solutions Construction is, was and at all relevant times has been, an employer in an industry affecting commerce within the meaning of Sections 3(5), (11), (12) and 515 of ERISA, 29 U.S.C. §§ 1002(5), (11), (12) and 1145 and of §§ 2(2), (6) and (7) of the Labor-Management Relations Act of 1947 ("LMRA"), as amended, 29 U.S.C. §§ 152(2), (6) and (7).

**Jurisdiction and Venue**

10.     This Court has jurisdiction over Plaintiffs' claims by virtue of Sections 502(a)(3) and 515 of ERISA, 29 U.S.C. § 1132(a)(3) and 1145 and pursuant to § 301(a) and (c) of the LMRA, 29 U.S.C. § 185(a) and (c).

11.     This Court has personal jurisdiction over Defendant pursuant to ERISA § 502(e), 29 U.S.C. § 1132(e) and pursuant to § 301(a) of the LMRA, 29 U.S.C. § 185(a).

12.     Venue is proper in this Court pursuant to ERISA Section 502(e)(2), 29 U.S.C. § 1132(e)(2) and § 301 of the LMRA, 29 U.S.C. § 185.

**Facts Common to All Counts**

13.     Solutions Construction is, was and has been signatory to one or more binding collective bargaining agreements ("Agreement(s)") with Painters District Council #58,

3

International Union of Painters and Allied Trades, AFL-CIO ("District Council #58"), and/or its constituent local unions.

14.   Solutions Construction is, was and has been signatory to and bound by Participation Agreement(s) with the Plaintiff Funds, pursuant to which Solutions Construction agreed to become party to and to be bound by the terms and provisions of certain Trust Documents establishing the Plaintiff Funds.

15.   Solutions Construction employs, or has employed individuals who are members of, and represented by, District Council #58 and its constituent local labor organizations and said individuals are participants in the Plaintiff Funds.

16.   The Agreement(s), the Participation Agreement and/or the Trust Document(s) require Solutions Construction to submit reports of hours worked by its employees working under the terms of the Agreement, and to pay monetary contributions to the Plaintiff Funds at specified hourly rates related to hours worked by their employees pursuant to the Agreement(s) within the jurisdiction of District Council #58.

17.   Pursuant to § 515 of ERISA, 29 U.S.C. § 1145, Solutions Construction is required to make contributions to the Plaintiff Funds in accordance with the terms and conditions of its Agreement and the Declarations of Trust establishing the Plaintiff Funds.

18.   The Agreement(s), the Participation Agreement and/or the Trust Document(s) adopted by the Trustees of the Plaintiff Funds, and to which Solutions Construction is are bound and required to comply, specifically provide that in the event a signatory contractor fails to submit timely reports of hours, or payments of contributions due, the contractor shall be liable to the Plaintiff Funds for the contributions due, as well as interest, liquidated damages, court costs, auditing and/or accounting fees and attorneys' fees and costs.

19. Pursuant to the CBA, Solutions Construction is further required to deduct certain amounts from the gross pay of its employee for dues, and to pay other "check-off" amounts to the DC#58 Fringe Benefit Funds on behalf of the union(s) and fund(s) which have duly authorized the DC#58 Fringe Benefit Funds to act as collection agent.

20. The Agreement(s), the Participation Agreement and/or the Trust Document(s) authorize the Plaintiff Funds to conduct audits of signatory employers, including Solutions Construction.

21. Audits are also within the scope of equitable relief available in an action pursuant to §§ 502(g)(2)(E) and 515 of ERISA.

22. In February 2016, Plaintiffs' auditors, Romolo & Associates, CPA, attempted to make arrangements with Solutions Construction to conduct an audit.

23. Solutions Construction, however, failed to respond to attempts to schedule an audit.

24. In October 2016, reiterated their demand for an audit through Counsel.

25. Solutions Construction, however, failed and refused to schedule the audit.

26. Inasmuch as Solutions Construction has failed and refused to cooperate with the scheduling of an audit, the Plaintiff Funds have no adequate remedy at law, and are suffering and will continue to suffer, immediate and irreconcilable injury and damage, unless Solutions Construction is ordered to submit to an audit.

27. The Plaintiff Funds are further entitled to an award of the contributions determined to be due by audit, along with Liquidated Damages; interest; audit costs; and attorneys' fees and costs.

28. As a result of the acts and omissions complained of herein, the Plaintiff Funds have been harmed.

WHEREFORE, Plaintiffs respectfully pray that the Court:

a. Enter Judgment for the Plaintiff Funds and against Defendant Solutions Construction, LLC;

b. Enter an interlocutory Order that Defendant Solutions Construction, LLC submit to an audit at its cost;

c. Enter an Order awarding the Plaintiff Funds any and all contributions determined to be due as evidenced by audit;

d. Enter an Order awarding the Plaintiff Funds Liquidated Damages;

e. Enter an Order awarding the Plaintiff Funds appropriate pre-judgment interest;

f. Enter an Order awarding the Plaintiff Funds their attorneys' fees and costs;

g. Enter an Order awarding the Plaintiff Funds appropriate post-judgment interest;

h. Enter Orders for such further relief as the Court deems proper in the premises.

Respectfully Submitted,

CAVANAGH & O'HARA LLP


 /s/ James R. Kimmey
JAMES R. KIMMEY, No. 51148MO
101 W. Vandalia St., Suite 245
Edwardsville, IL  62025
(618) 692-5250 (tel.)
(618) 692-5254 (fax)
jaykimmey@cavanagh-ohara.com

Attorneys For Plaintiffs

W:\c&o\c&o\Files\LEA\PAINTERS---ISP-PDC#58 401k-PDC#58 JACT\SOLUTIONS CONSTRUCTION\Pleadings\Drafts\Complaint to Compel Audit v.2.docx

6